O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER LUCIER, | ) Case No. EDCV 13-2049 RNB |
| Plaintiff, | ) |
| vs. | ) ORDER AFFIRMING DECISION OF ) COMMISSIONER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

The sole disputed issue listed in the Joint Stipulation is whether the Administrative Law Judge ("ALJ") properly considered the lay witness testimony of plaintiff's father, Mr. Lucier. (See Jt Stip at 3.) The Court now rules as follows with respect to that issue.[1]

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

The law is well-established in this Circuit that lay witness testimony as to how a claimant's symptoms affect the claimant's ability to work is competent evidence and cannot be disregarded without providing specific reasons germane to the testimony rejected. See, e.g., Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); Smolen v. Chater, 80 F.3d 1273, 1288-89 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

Here, Mr. Lucier completed a Third Party Function Report stating that plaintiff needed constant supervision to complete daily tasks and chores. (See AR 154-62.) Mr. Lucier (and his wife) also submitted a letter stating that plaintiff had difficulty interacting with others and required regular supervision and support. (See AR 199-201.) The ALJ found that Mr. Lucier's statements as reflected in the Third Party Function Report and the letter were "not credible." (See AR 474.)

In support of this adverse credibility determination with respect to Mr. Lucier's lay witness testimony, the ALJ proffered four reasons. The Court finds that, although one of the stated reasons was legally insufficient, the error was harmless because the other three reasons were legally sufficient.

One of the reasons proffered by the ALJ was that "the opinion of a layperson is far less persuasive" than those of medical professionals and that, since lay witnesses are not medically trained, "the accuracy of the statements concerning the claimant's limitations is questionable." (See AR 474.) The Court finds that this generic reason is not a legally sufficient reason on which the ALJ could properly rely to find that Mr. Lucier's testimony was not credible. A lay witness's lack of medical training does not disqualify him from proffering a probative opinion about the severity of a claimant's impairments and his ability to work. See Bruce v. Astrue, 557 F.3d 1113, 1116 (9th Cir. 2009) ("A lay person, . . . though not a vocational or medical expert, was not disqualified from rendering an opinion as to how [a claimant]'s condition affects his ability to perform basic work activities."); 20 C.F.R. §§ 404.1513(d)(4) and 416.913(d)(4) (evidence provided by lay witnesses may be

used to show "the severity of [a claimant]'s impairment(s) and how it affects [the claimant]'s ability to work").

Another reason proffered by the ALJ was that Mr. Lucier's statements were "not supported by the clinical evidence" as discussed at other points in the ALJ's decision.[2] (See AR 474; see also AR 471.) The ALJ specifically noted that such evidence, from plaintiff's treatment notes, reflected that plaintiff's treating physicians generally indicated that he was doing well so long as he was compliant with his treatment (see AR 202, 204, 207, 219, 223, 334, 521); that neurological examinations of plaintiff were generally within normal limits (see AR 203-04, 285, 334, 368); and that plaintiff's seizures usually occurred when he had missed his medications, was stressed, or was sleep deprived (see AR 202, 209, 211, 213, 215, 217, 221, 284). Plaintiff does not challenge this evaluation of the clinical evidence. Accordingly, the Court finds that this was a legally sufficient reason on which the ALJ could properly rely to find that Mr. Lucier's testimony was not credible. The Ninth Circuit has held that inconsistency with medical evidence constitutes a legitimate reason for discrediting the testimony of lay witnesses. See Vincent v. Heckler 739, F.2d 1393, 1395 (9th Cir. 1984); see also Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005); Lewis, 236 F.3d at 511.[3]

---

[2] An ALJ may dismiss lay witness testimony with germane reasons supported by evidence discussed "at other points in his decision" even if the ALJ "did not clearly link his determination to those reasons." See Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001).

[3] The Court is mindful that the Ninth Circuit also has held that it is error for the ALJ to reject the testimony of family members because the claimant's medical records did not corroborate their statements about the claimant's alleged symptoms and pain. See Smolen, 80 F.3d at 1289; see also Taylor v. Comm'r of Social Sec. Admin., 659 F.3d 1228, 1234 (9th Cir. 2011); Bruce, 557 F.3d at 1116. Courts have reconciled these two lines of cases by concluding that an ALJ may reject lay testimony that is affirmatively inconsistent with the medical evidence (under the

Another reason proffered by the ALJ was that Mr. Lucier's statements in the Third Party Function Report "closely mirrored" plaintiff's statements in an Adult Function Report. (See AR 470.) The ALJ also made an adverse credibility determination with respect to plaintiff's subjective symptom testimony (see AR 472-73), a determination which plaintiff does not challenge. The Court concurs with the ALJ that Mr. Lucier's testimony as reflected in the Third Party Function Report was substantially similar to plaintiff's testimony as reflected in the Adult Function Report. (Compare AR 157-61 with AR 168-72.) Accordingly, the Court finds that the ALJ's legally sufficient reasons for rejecting plaintiff's subjective symptom testimony also were legally sufficient reasons for rejecting Mr. Lucier's lay witness testimony. See Valentine v. Commissioner, Social Sec. Admin., 475 F.3d 685, 694 (9th Cir. 2009) ("In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting Valentine's own subjective complaints, and because Ms. Valentine's testimony was similar to such complaints, it follows that the ALJ gave germane reasons for rejecting her testimony."); see also Molina v. Astrue, 674 F.3d 1104, 1122 (9th Cir. 2012) (even where ALJ completely failed to discuss lay witness testimony, "given that the lay witness testimony described the same limitations as Molina's own testimony, . . . the ALJ's reasons for rejecting Molina's testimony apply with equal force to the lay testimony").

---

Vincent line of cases), but that the ALJ may not reject lay testimony merely because of lack of objective medical support (under the Smolen line of cases). See Rivera v. Colvin, 2013 WL 6002445, at *2-*4 (D. Or. Nov. 12, 2013) (explaining that an ALJ may reject lay witness testimony based on "affirmative contradictory evidence in the medical record, not absence of supporting evidence"); see also Grisel v. Colvin, 2014 WL 1315894, at *14 (C.D. Cal. Apr. 2, 2014); Atwood v. Astrue, 742 F. Supp. 2d 1146, 1152 (D. Or. 2010); Staley v. Astrue, 2010 WL 3230818, at *19 (W.D. Wash. 2010). Here, the Court finds that the Vincent line of cases is controlling because, notwithstanding the ALJ's phrasing (which described Mr. Lucier's testimony as "not supported by the clinical medical evidence"), the ALJ referenced affirmative inconsistencies between Mr. Lucier's testimony and the medical evidence.

The other reason proffered by the ALJ was that Mr. Lucier had placed plaintiff on his payroll so that plaintiff could obtain health insurance through Mr. Lucier's company, an act that was "dishonest and fraudulent, and show[ed] that [plaintiff] and his father do not have a reputation for truth and honesty, making their credibility highly suspect." (See AR 473; see also AR 28.) The Court finds that this was a legally sufficient reason on which the ALJ could properly rely to find that Mr. Lucier's testimony was not credible. It is well-settled that an ALJ may rely on ordinary techniques of credibility evaluation, including a claimant's reputation for truthfulness. See, e.g., Chaudhry v. Astrue, 688 F.3d 661, 672 (9th Cir. 2012); Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); Fair v. Bowen, 885 F.2d 597, 604 n. 5 (9th Cir. 1989). Such a reason for rejecting plaintiff's subjective symptom testimony applies with equal force to Mr. Lucier's lay witness testimony.

In conclusion, the Court finds that, even if the ALJ did err in relying on one of his four stated reasons in support of his adverse credibility determination with respect to Mr. Lucier's lay witness testimony, the error was harmless because the ALJ's remaining three reasons and ultimate adverse credibility determination were supported by substantial evidence. See Valentine, 574 F.3d at 694 (ALJ's improper rejection of testimony of claimant's wife because she was an interested party who never saw claimant at work was harmless error because there were other germane reasons for rejecting her testimony); Williams v. Astrue, 493 Fed. Appx. 866, 869 (9th Cir. 2012) (now citable for its persuasive value per Ninth Circuit Rule 36-3) (where ALJ provided germane reason to discredit lay opinion, "under Valentine the ALJ properly discredited their testimony and the other improper reasons cited by the ALJ for discrediting their lay opinions were harmless.").

//
//
//
//

1 \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

2 IT THEREFORE IS ORDERED that Judgment be entered affirming the
3 decision of the Commissioner and dismissing this action with prejudice.

5 DATED: July 21, 2014

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE